**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4665**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

DERRICK LEWIS, a/k/a Chip, a/k/a Ski, a/k/a Mark Jones,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.   Robert C. Chambers, Chief District Judge.  (3:11-cr-00201-1)

Submitted:  March 8, 2013              Decided:  April 5, 2013

Before DAVIS and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John H. Tinney, Jr., THE TINNEY LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lewis appeals his sentence imposed after he pleaded guilty to possession with intent to distribute a quantity of oxycodone and a quantity of oxymorphone, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Lewis argues that the U.S. Sentencing Guidelines Drug Equivalency Table's conversion rate of oxycodone and oxymorphone to marijuana is arbitrary, excessive, and causes unjust disparities. Finding no error, we affirm.

At sentencing, defense counsel presented his position on the disparity between the drug equivalency table for oxycodone and oxymorphone and other scheduled drugs. See U.S. Sentencing Guidelines Manual § 2D1.1(a)(3), (c) (2011). Counsel asked the court "to employ . . . a lower standard . . . and use that equivalency rate as the rate by which the conversion should be established." The court heard argument from Lewis and the Government and denied Lewis's request for a downward variance. The court gave extensive reasoning supporting its decision to deny the variance request and sentenced Lewis to 92 months—the bottom of the Guidelines range.

We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect the sentence for procedural reasonableness by ensuring that the

2

district court committed no significant procedural errors, such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. If the sentence is within the Guidelines range, this court presumes on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

The only issue Lewis raises on appeal is whether the marijuana equivalent for oxycodone and oxymorphone, as amended by Amendment 657, is arbitrary, excessive, and causes unjust sentencing disparities. Amendment 657 changed the marijuana equivalent for oxycodone in two respects. First, it based the equivalent on the amount of actual oxycodone involved rather than on the gross weight of the pills containing oxycodone. Second, it made one gram of oxycodone equivalent to 6700 grams of marijuana, rather than one gram of pill weight equivalent to 500 grams of marijuana. It also made one gram of oxymorphone

equivalent to 5000 grams of marijuana.  See USSG, App. C, vol. II.

Lewis argues that the conversion rates for oxycodone and oxymorphone are arbitrary and are not based upon scientific study or empirical data.  He contends that these drugs should not be treated more severely than heroin.  He argues that this unsupported distinction violates his due process rights and conflicts with 18 U.S.C. § 3553(a)(6)'s admonition to avoid "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  Id. The Government responds that the district court properly calculated Lewis's sentence and that it is reasonable.  As to the drug equivalency argument, the Government notes that Lewis's argument that the conversion formula creates an unwarranted disparity when compared to other opiates is flawed.  Lewis attempts to compare equal drug weights of different drugs and then note the disparity in their marijuana equivalency.  For instance, one gram of morphine converts to 500 grams of marijuana, far less than the conversion rate of oxymorphone or oxycodone.  However, the entire weight of morphine is used to calculate quantity and only the active ingredient in oxymorphone and oxycodone is used.  Therefore, the conversion rates are based on different factors and do not lend themselves to mathematical comparison.

4

Lewis argues that no empirical data or studies exist to support the harsh treatment of prescription drugs. However, the Government points the court to an article published by the President's Office of National Drug Control Policy (ONDCP). The article states that the "Centers for Disease Control and Prevention [(CDC)] has classified prescription drug abuse as an epidemic." The article indicates that "data from the National Survey on Drug Use and Health (NSDUH) show that nearly one-third of people aged 12 and over who used drugs for the first time in 2009 began by using a prescription drug non-medically." The article continues that individuals who use these drugs, particularly teenagers, believe the drugs are safer than illicit drugs because they require a prescription that is filled at a pharmacy.[1] The ONDCP article also referenced a study by the CDC that compared unintentional overdose deaths involving opioids, cocaine, and heroin in the United States between 1999 and 2007.[2] During that time period, deaths from opioids rose from 3000 in

---

[1] Available at http://www.whitehouse.gov/ondcp/prescription-drug-abuse.

[2] These statistics come from the CDC's Unintentional Drug Poisoning in the United States (July 2010), available at: http://www.cdc.gov/HomelandRecreationalSafety/pdf/poison-issue-brief.pdf.

1999 to almost 12,000 in 2007.[3] The article and study provide empirical justification for the drug equivalency table and demonstrate that its distinctions are not arbitrary and do not cause unwanted sentencing disparities.

At sentencing, the court enumerated its reasons for following the drug equivalency table. These included the assumed safety of taking a prescription drug and the rise of distribution of oxycodone, particularly in the local community. These statements are supported by the policy article and studies cited by the Government. The court recognized its discretion to vary and declined to exercise it. Lewis was sentenced within the Guidelines range, at the lowest end, and he has not rebutted the presumption that his sentence is reasonable.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[3] Oxycodone and oxymorphone are both defined as opiates. <u>See</u> USSG § 2D1.1, comment. (n.10(D)).